FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2026**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ANTHONY RANGEL,

    Defendant - Appellant.

No. 25-4075
(D.C. No. 1:22-CR-00092-HCN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Michael Anthony Rangel was convicted of being a felon in possession of a

firearm and ammunition in violation of 18 U.S.C. § 922(g)(1).  The district court

sentenced him to 84 months in prison.  Mr. Rangel appeals, arguing the district court

plainly erred because § 922(g)(1) is unconstitutional under the Second Amendment in

light of *New York State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022).  He

concedes that current Tenth Circuit law forecloses this argument, and he seeks only

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

to preserve this issue "should the Supreme Court grant certiorari and change the law on this issue while his appeal is still pending." Opening Br. at 3.

The Supreme Court in *Bruen* considered whether a state licensing regime violated the Second Amendment. 597 U.S. at 11. The Court adopted a framework for evaluating whether a law infringes on the Second Amendment: any conduct covered by the plain text of the Second Amendment is presumptively protected unless the government can demonstrate a historical tradition of "relevantly similar" firearms regulations from the founding era. *Id.* at 24, 28–29.

In *Vincent v. Garland ("Vincent I")*, 80 F.4th 1197, 1201–02 (10th Cir. 2023), this court held that *Bruen* did not abrogate the Tenth Circuit's case law upholding the constitutionality of § 922(g)(1). The Supreme Court granted Vincent certiorari, vacated the judgment, and remanded. *Vincent v. Garland*, 144 S. Ct. 2708 (2024). The Court directed the Tenth Circuit to further consider Vincent's argument in light of *United States v. Rahimi*, 602 U.S. 680 (2024). In *Rahimi*, the Supreme Court upheld the constitutionality of § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing a firearm. *See* 602 U.S. at 684–85, 700.

On remand, this court "freshly considered" Vincent's argument that § 922(g)(1) was unconstitutional and concluded "that *Rahimi* doesn't undermine the panel's earlier reasoning or result." *Vincent v. Bondi ("Vincent II")*, 127 F.4th 1263, 1264 (10th Cir. 2025). The Supreme Court denied certiorari in *Vincent II* last month. *Vincent v. Bondi*, -- S. Ct. --, 2026 WL 568283 (Mar. 2, 2026).

Because there has been no change in Tenth Circuit law, we affirm the judgment of the district court.

Entered for the Court

Bobby R. Baldock
Circuit Judge